# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**FREDRICK C. ROPER,**

    **Plaintiff,**

    **v.**                                    **Case No. 25-CV-836-SCD**

**PFERD, INC.,**

    **Defendant.**

---

## ORDER GRANTING DEFENDANT'S
## MOTION TO COMPEL AND MOTION FOR SANCTIONS

---

Defendant PFERD, Inc., has filed two discovery motions pursuant to Rule 37 of the Federal Rules of Civil Procedure. First, PFERD seeks an order compelling the plaintiff, Fredrick Roper, to respond to the company's interrogatories. Second, PFERD seeks sanctions against Roper for failing to appear at his scheduled deposition. For the reasons given below, I will grant both motions.

Roper, an African-American, filed this action in June 2025, alleging race discrimination and retaliation by PFERD, his former employer. *See* Compl., ECF No. 1. After the parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), *see* ECF Nos. 3 & 7, I held a scheduling conference with the parties, *see* ECF No. 11, and issued a scheduling order, *see* ECF No. 12. That order required discovery to be completed by May 29, 2026, and requires dispositive motions to be filed by June 26, 2026.

On December 5, 2025, PFERD served Roper with its first set of interrogatories, requests for production of documents, and requests for admission. *See* Swinick Compel Decl.

Ex. A, ECF No. 14-1; Swinick Compel Decl. Ex. B, ECF No. 14-2. After Roper failed to respond to those discovery requests within the time permitted by the Federal Rules of Civil Procedure, the company gave Roper another chance to submit his responses. *See* Swinick Compel Decl. Ex. C, ECF No. 14-3. A few days later, Roper responded to the requests for admission, explaining that his lawyer had had a death in the family, and promised to provide the other responses "shortly." *See* Swinick Compel Decl. Ex. D, ECF No. 14-4. Nearly six weeks passed without a response, and, after a follow-up request from PFERD, Roper finally provided responses to the requests for production on March 9, 2026; but still no responses to the interrogatories. *See* Swinick Decl., ¶¶ 8–10, ECF No. 14; Swinick Compel Decl. Ex. E, ECF No. 14-5; Swinick Compel Decl. Ex. F, ECF No. 14-6. PFERD tried one more time, to no avail. *See* Swinick Decl., ¶¶ 11–13; Ex. F, at 1.

On April 13, 2026, PFERD moved for an order compelling Roper to respond to its 19 interrogatories. *See* Def.'s Mot. to Compel, ECF No. 13. Rule 33 allows a party to serve up to 25 written interrogatories on any other party. *See* Fed. R. Civ. P. 33(a)(1). The responding party has thirty days to provide answers or objections. *See* Fed. R. Civ. P. 33(b)(2). "A party seeking discovery may move for an order compelling an answer" if the responding party "fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). PFERD served its interrogatories on Roper on December 5, 2026. Roper didn't submit his responses until April 22, 2026, *see* Heins Decl., ¶¶ 5–6, ECF No. 16—well after thirty days and without ever requesting an extension of time to respond. Because it is undisputed that Roper did not timely respond to PFERD's interrogatories, I will grant the company's motion to compel.

PFERD also requests an award of attorney fees. Rule 37 provides that,

[i]f the motion [to compel] is granted—or if the . . . requested discovery is provided *after* the motion was filed—the court must, after giving an opportunity

> to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, the court shall not award expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action; (ii) the opposing party's . . . response[] or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* Roper insists that the motion to compel is moot because he provided the responses soon after PFERD filed its motion. *See* Pl.'s Br., ECF No. 15. But by then it was too late. *See* Fed. R. Civ. P. 37(a)(5)(A).[1] Roper's lawyer also blames her client for the delayed response, explaining he has a lengthy work schedule, he didn't understand what was required of him, and he delivered his answers to the wrong address. None of those excuses substantially justifies the late response. Thus, an award of fees is warranted in this case.

Despite not receiving responses to it interrogatories, PFERD went ahead with scheduling Roper's deposition. Defense counsel emailed plaintiff's lawyer on April 21, 2026, inquiring about Roper's availability. *See* Swinick Sanctions Decl. Ex. 1, ECF No. 18-1. Receiving no response, counsel followed up via email the following week. *See id.*; *see also* Swinick Sanctions Decl., ¶ 4, ECF No. 18. Again, no response. *See* Swinick Sanctions Decl., ¶ 5. On May 5, 2026, counsel emailed plaintiff's lawyer a notice scheduling Roper's deposition for May 15, 2026. *See* Swinick Sanctions Decl. Ex. 2, ECF No. 18-2; Swinick Sanctions Decl. Ex. 3, ECF No. 18-3. Defense counsel and a court reporter showed up for the deposition, but Roper and his lawyer did not. *See* Swinick Sanctions Decl., ¶¶ 8–14; Swinick Sanctions Decl. Ex. 4, ECF No. 18-4.

---

[1] I also note that Roper's response to the motion to compel, which he filed on May 4, 2026, was two weeks late itself. *See* E.D. Wis. Civ. L. R. 7(h)(2) (providing 7 days to respond to a Rule 7(h) motion).

On May 21, 2026, PFERD moved to sanction Roper for not appearing at his scheduled deposition. *See* Def.'s Mot. for Sanctions, ECF No. 17. Under Rule 37, a court "may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Defense counsel twice contacted plaintiff's lawyer to inquire about Roper's availability, and, when those emails were left on read, counsel issued a notice of deposition. However, Roper and his lawyer never showed up. Roper's suggestion that the notice was somehow deficient because "defense counsel never placed a telephone call to Plaintiff to inquire on the status of Plaintiff's deposition after unilaterally selecting a date," Pl.'s Resp., at 1, ECF No. 19, simply beggars belief. Lawyers routinely communicate about such matters via email, and defense counsel tried not once, but two times before picking a date ten days out. Consequently, it is undisputed that Roper no-showed a properly noticed deposition.

What's an appropriate sanction for a missed deposition? PFERD says I should dismiss the entire action because Roper has repeatedly delayed and obstructed the company's efforts to take discovery and has demonstrated an unwillingness to engage in the discovery process in good faith. Dismissal is an available sanction under Rule 37. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). However, dismissal as a sanction for discovery abuse is appropriate only where the offending "party's actions displayed willfulness, bad faith, or fault." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (citing *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006); *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003)). Roper didn't purposely skip the deposition. Rather, he didn't even know about it because his lawyer failed to see the deposition notice. Plaintiff's lawyer also says she has been battling two serious health conditions that have required her to take time away from work. And she now moves

4

to withdraw based on her health concerns. *See* Pl.'s Mot. Withdraw, ECF No. 21. Given all those circumstances, I decline to order dismissal in this case.

PFERD seeks, as an alternative to dismissal, to extend the discovery and dispositive motion deadlines and to compel Roper to appear and sit for his deposition. But the company requests that the deadlines *not* be extended for Roper because, as of May 21, he had not served any discovery requests or asked to depose any company witnesses. *See* Swinick Sanctions Decl., ¶ 18. Roper insists that the deadlines be extended for both sides. However, he never explains why he waited so long to seek discovery or what discovery he'd like to pursue. Because Roper did not serve any discovery requests prior to the May 29 discovery deadline, and because Roper has not demonstrated good cause for granting him an extension now, *see* Fed. R. Civ. P. 16(b)(4), I will extend the discovery deadline only for PFERD. I will, however, extend the dispositive motions deadline for both parties. Plaintiff's lawyer has also offered to pay the reasonable appearance fee of the court reporter who attended the deposition. Those alternative sanctions are proportionate to the discovery abuses here and would address PFERD's concerns. *See Collins*, 554 F.3d at 696 (explaining that "the sanction imposed must be proportionate to the circumstances" (citing *Maynard v. Nygren*, 372 F.3d 890, 892–93 (7th Cir. 2004); *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996))).

Accordingly, for all the foregoing reasons, the court **GRANTS** the defendant's motion to compel plaintiff's interrogatory responses, ECF No. 13; **GRANTS** the defendant's motion for sanctions against plaintiff for failure to appear for his deposition, ECF No. 17; **GRANTS in part** and **DENIES in part** the plaintiff's motion to extend discovery, ECF No. 19; **GRANTS** the motion to withdraw as plaintiff's counsel, ECF No. 21; and **GRANTS** the plaintiff's pro se request for an extension of time, ECF No. 24. If not already complete, the

plaintiff shall respond to the defendant's interrogatories with seven days of this order. The plaintiff's lawyer shall also pay (1) the defendant's reasonable expenses, including attorney fees, incurred in moving to compel; and (2) the court reporter's appearance fee. The defendant shall submit proof of those expenses by **July 6, 2026**. Plaintiff's lawyer is permitted to withdraw once payment is complete. The defendant may have until **August 31, 2026**, to complete discovery, and the parties may have until **September 30, 2026**, to file dispositive motions. The parties may seek an extension if more time is needed. Finally, the parties shall work together to find a mutually agreeable date and time for the plaintiff's deposition.

      **SO ORDERED** this 29th day of June, 2026.

 

 

STEPHEN C. DRIES
United States Magistrate Judge